**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
HAROLD EDWARDS,

                              Plaintiff,                  **MEMORANDUM
                                                                          AND ORDER**

    - against -
                                                                                      08-CV-2199 (FB) (JO)

THE CITY OF NEW YORK, et al.,

                              Defendants.
-----------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

       Following the close of discovery, each party in this case has filed a motion for pre-trial relief. Specifically, defendants the City of New York (the "City") and Police Officer Mikal Wright ("Wright") seek an order pursuant to Rules 26(a)(3) and 37(c)(1) of the Federal Rules of Civil Procedure, precluding plaintiff Harold Edwards ("Edwards") from calling any non-party witnesses to testify at the trial of this action as a result of his failure to provide appropriate discovery about any such witnesses. Docket Entry ("DE") 33. In a separate motion, Edwards seeks leave to file a Second Amended Complaint, in which he proposes to substitute a police officer whose name he gives only as "Jenkins" in place of one of the "John Doe" defendants named in the pending Amended Complaint. DE 34. In the same motion, Edwards also seeks an order compelling the City either to disclose, or to provide for my *in camera* review, unredacted disciplinary information about Wright. *Id*. Each party opposes its adversary's request for relief. *See* DE 35 (defendants' opposition to Edwards's motion to amend and to compel discovery); DE 36 (Edwards's opposition to defendants' motion to preclude witness testimony). For the reasons briefly set forth below, I grant the City's motion to preclude evidence and I deny Edwards's requests to allow a further amendment of the complaint and to compel discovery.

I.  Background

Edwards claims that on January 22, 2006, two New York City police officers stopped and searched him without cause, physically assaulted him with no provocation, and falsely charged him with unlawful possession of a weapon and marijuana. *See* DE 10 (Amended Complaint) ¶¶ 10-13. The named defendants agreed that Edwards had been arrested on the charges he described, but otherwise denied those assertions in their respective answers. *See* DE 12 (City's answer) ¶¶ 10-13; DE 14 (Wright's answer) ¶¶ 10-13. I held an initial discovery planning conference and issued a case management and scheduling order on October 10, 2008. DE 7 (minute entry); DE 8 (order).

At the time of the initial conference, Edwards was relying on the original Complaint, DE 1, which – as discussed at that initial conference – included no allegations about Wright. Two days later, on October 12, 2008, Edwards filed his Amended Complaint which alleged that Wright was employed as a police officer but made no further specific allegation about him or his conduct. DE 10. Pursuant to the case management and scheduling order, the deadline for any further amendment of the pleadings, or for the joinder of any new party, was December 19, 2008. DE 8 at 1.

On February 26, 2009, the parties asked me to cancel a status conference I had previously scheduled for February 27, 2009. DE 16. I granted the request that same day. In doing so, I explicitly assumed that the parties' application was "predicated on their agreement that discovery will be completed by the [then-]current deadline of June 5, 2009" and ordered that counsel for each party must "promptly advise me if that assumption is incorrect, and ... of any subsequent

developments that will keep the parties from complying with the deadlines [then] in effect." Order dated February 26, 2009.

On April 10, 2009, the defendants' counsel wrote "to advise the Court that the parties in this matter have reached a settlement agreement." DE 17. As described in greater detail in a Report and Recommendation dated May 22, 2009, docket entry 26, that agreement, if it ever really existed, was short lived. Three weeks after the parties' respective counsel reached what they thought was a settlement accord, Edwards's attorney reported that his client had rejected it. DE 18. At a conference before me on May 15, 2009, Edwards made it abundantly clear that he would never settle the case on any remotely realistic terms, preferring instead to proceed to trial. After considering briefing on the defendants' motion to enforce the purported settlement, on May 22, 2009, I concluded that the parties had not entered into an enforceable settlement. DE 26.

On June 8, 2009, the last allowable date for doing so, the defendants filed objections to the Report and Recommendation. DE 27.[1] A week later, the parties jointly moved to stay discovery pending resolution of the defendants' objections. DE 28. Having already accounted for the understandable pause in discovery attributable to the attorneys' mistaken belief that they had settled the case by extending the discovery deadline to June 15, 2009, *see* DE 19 & DE 20, I denied that motion the next day. Order dated June 16, 2009. The parties sought the same relief a second time, and I again denied the motion the day after it was filed. DE 29; Order dated June 19, 2009.

---

[1] Those objections remain pending before the court as of the date of this memorandum and order.

Notwithstanding the fact that I had allowed the parties extra time to complete discovery to account for the delay properly attributable to their attorneys' mistaken belief that they had entered into an enforceable settlement, and notwithstanding the fact that I repeatedly denied their requests to allow them to await the resolution of the defendants' objections to the Report and Recommendation before completing the discovery process, the attorneys did nothing to resume and finish the remaining discovery tasks before the extended deadline had elapsed. When they reported that fact to me at a conference on June 29, 2009, I set specific deadlines for the parties to complete all remaining discovery tasks, to certify that they had done so, and to submit a joint pretrial order. At that point, in light of the fact that no party anticipated moving for summary judgment, the pretrial phase of the case would be complete and the case would be ready for trial. DE 30. Two days after that conference, the defendants moved to extend the deadlines I had just set by one week, and I granted that motion the same day. DE 31; Order dated July 1, 2009. The parties filed the instant motions on July 13, 2009.[2]

---

[2] To date, the parties have complied with neither the obligation to certify that they have completed the discovery tasks specified in my minute order of June 29, 2009, nor the obligation to submit a proposed joint pretrial order. It may be that the parties believe that the pending motions implicitly convey the message that the discovery tasks have been completed; it may also be that the parties mistakenly believe that I implicitly extended the deadline for submitting a joint pretrial order when I extended the discovery deadline yet again on July 13, 2009 (or, alternatively, that the parties still intend to comply with the pretrial order deadline by making their joint submission in today's waning hours). If the parties comply with both of their outstanding obligations by July 22, 2009, I will give the matter no further consideration. Otherwise, I will require counsel for each party to appear before me on August 5, 2009, at 2:30 p.m. to show cause why he should not be sanctioned for repeated violations of court orders pursuant to Federal Rule of Civil Procedure 16(f)(1)(C).

II. Discussion

   A. The Defendants' Motion To Preclude Testimony

The defendants assert that Edwards failed to reveal the identities of any non-party witnesses in his initial disclosures, *see* Fed. R. Civ. P. 26(a), and also in his responses to document demands and interrogatories; they further assert that Edwards never supplemented any of the foregoing discovery with the identities of any such witnesses. DE 33 at 2. Instead, at his deposition – which, inexplicably, the parties did not conduct until July 8, 2009 – Edwards for the first time disclosed his awareness of non-party witnesses to the incident at issue in this litigation. *Id*. at 1. Edwards described these witnesses as his "friends" but said that he did not know the names or addresses of such witnesses; instead, he claimed that he would be able to find them by seeking them out at locations in Brooklyn that they frequent. *Id*. at 2.

Edwards does not contest any of these assertions. Nor does he make any attempt to justify his failure to disclose the existence of these purported witnesses earlier in this litigation as required. Instead, he merely asks for permission to disclose the witnesses' names as late as August 5, 2009. DE 36. In doing so, he does not explain why it would be appropriate to re-open discovery for such purposes, nor does he address the fact that the belated disclosure of such witnesses would inevitably require still more delay to permit the defendants an adequate opportunity to depose the witnesses and investigate their statements.

As the defendants correctly argue, a court may properly preclude a party from calling witnesses whose identities the party unjustifiably fails to disclose. Edwards has long known both of the existence of the witnesses at issue and of his obligation to disclose their identities to the defendants. Absent any justification for his failure to learn the identities of his "friends" and

disclose them as required, Edwards should not be permitted to sandbag the defendants at trial with the testimony of such witnesses. I therefore grant the defendants' motion to preclude the testimony of any non-party witness whose identity Edwards did not previously provide in discovery.

B.  Edwards's Motion To File A Second Amended Complaint

In seeking leave to file a Second Amended Complaint that would name "Officer Jenkins" as a defendant,[3] Edwards correctly argues that an applicable rule provides that such leave should be "freely given when justice so requires." DE 34 at 1 (quoting Fed. R. Civ. P. 15(a)). I will assume for purposes of discussion that if Rule 15 provided the only applicable standard, it would be appropriate to grant the first prong of Edwards's motion. However, Edward entirely overlooks the fact that he must also demonstrate that the relief he seeks would be consistent with a separate rule that a "scheduling order may be modified only for good cause[.]" Fed. R. Civ. P. 16(b)(4). Moreover, in such circumstances, the determination "[w]hether good cause exists turns on the 'diligence of the moving party.'" *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) (quoting *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003)).

Edward has not been diligent either in pursuing discovery or in conforming his complaint to the available evidence. Despite the fact that he had information about Officer Jenkins as early as October 2008, *see* DE 35 at 2, Edwards waited until after discovery had closed (after multiple adjournments of that deadline) before seeking to add the officer as a defendant. To the extent

---

[3] Edwards does not mention the first name of "Officer Jenkins" in his letter motion, and he has not provided a copy of the pleading he proposes to file. The defendants apparently understand the motion to refer to a police officer named Ray Jenkins, whose identity the defendants claim to have revealed in their initial disclosures. *See* DE 35 at 2.

6

that Edwards blames that lapse on the fact that he did not depose Officer Jenkins until the very end of the discovery period – and indeed, the record is clear that the discovery period had actually ended, and was then re-opened, before Edwards even bothered to take that deposition, *see* DE 30 – the responsibility lies with no one other than himself. Had Edwards diligently pursued discovery, he would have learned the information on which he now relies far earlier.

To be sure, Edwards allows that he would not seek any additional discovery if he is permitted to add Officer Jenkins as a defendant. He cannot, of course, provide any assurance that a new defendant would be equally willing to forego any discovery, and in the absence of such assurance I cannot entirely discount the possibility that the amendment Edwards proposes would unjustifiably delay the resolution of this case. However, even if I could assume that the amendment would require no additional discovery by any party – and such a scenario is certainly plausible, as the attorney representing the previously named defendants would likely represent the defendant Edwards seeks to join – I would still decline to permit the amendment based on Edwards' failure to acknowledge or satisfy the applicable standard under Rule 16.[4]

    C.        Edwards's Motion To Compel Discovery

Finally, Edwards asks me to review *in camera* certain redacted materials that the defendants disclosed concerning Wright's disciplinary record, and to order the defendants to disclose those documents without redactions. In light of the defendants' reasonable explanation

---

[4] In this regard, I note that the appearing defendants' counsel has asserted that "a second amended complaint would be prejudicial to the defense of this action[,]" DE 35 at 1, but does not explain how. In the absence of any such explanation, or even of any reason to suspect that the defendants' counsel would not also represent Officer Jenkins, I do not credit the defendants' prediction that some unspecified form of prejudice would result from the amendment Edwards seeks. Rather, I conclude that even in the absence of any such prejudice, Edwards would not be entitled to the relief he requests.

of the basis for the redactions and the absence of any reason to suspect that the explanation is false, I decline to order such relief.

III. Conclusion

For the reasons set forth above, I grant the defendants' motion to preclude the testimony of non-party witnesses pursuant to Rules 26(a)(3) and 37(c)(1) of the Federal Rules of Civil Procedure, and I deny the plaintiff's motion to file a second amended complaint and to compel discovery.

**SO ORDERED.**

Dated: Brooklyn, New York
July 20, 2009

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge