UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
HAROLD EDWARDS,

                              Plaintiff,            MEMORANDUM RULING
        -against-                                AND ORDER
                                                                 Case No. 08-cv-2199 (TLM)
CITY OF NEW YORK et al.,

                              Defendants
-----------------------------------------------------------------X

**TUCKER L. MELANÇON, Senior United States District Judge:**

Before the Court are defendants City of New York and Police Officer Mikal Wright's ("Wright") Motion for Summary Judgment [Rec. Doc. 53] and plaintiff's memorandum in opposition thereto [Rec. Doc. 59]. For the reasons that follow, defendants' Motion [Rec. Doc. 53] will be DENIED IN PART and DENIED AS MOOT IN PART.

**I.    Defendant City of New York's Liability**

Under the Supreme Court's holding in *Monell*, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents," and that it is only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 694 (1978). Plaintiff withdrew his *Monell* claims against the City of New York, as well as his claims under New York State law, and the Court has approved and endorsed the parties' stipulation dismissing all such claims [See Rec. Doc. 52]. Thus the only claims remaining in the case before the Court are those brought under § 1983 against defendant Wright. Defendants' Motion for Summary Judgment as is relates to defendant City of New York will therefore be denied as moot.

1

## II. Plaintiff's *Terry* Stop Claim

Wright argues that plaintiff fails to produce evidence sufficient to show that an unlawful *Terry* stop occurred, and, alternatively, that even if an unlawful *Terry* stop occurred, he is entitled to qualified immunity as a matter of law. As set out herein, the record before the Court demonstrates that there are disputed issues of fact as to (1) whether Wright actually "seized" plaintiff for a distinct period before he arrested him, (2) whether any such seizure, if it occurred, was lawful, based on the circumstances of the situation, and (3) the applicability of qualified immunity under the circumstances.

### A. The Occurrence of a Seizure

"Only when [a police] officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may [a court] conclude that a 'seizure' has occurred." *Terry v. Ohio*, 392 U.S. 1, 19 n. 16 (1968). Seizure occurs when "under the particular circumstances presented, a reasonable person would have believed that he was not free to leave if he did not respond to the questions put to him." *Pinto-Montoya v. Mukasey*, 540 F.3d 126, 131 (2d Cir.2008) (internal quotation marks omitted).

It is undisputed that Wright asked plaintiff what was in the bag plaintiff was holding, and at some point thereafter arrested plaintiff. The events that occurred between Wright's question and plaintiff's arrest are disputed. The question of whether plaintiff was seized at any point prior to his actual arrest cannot be divined by the Court based on the record before it, and is therefore a question of fact to be resolved by a jury or upon motion, if appropriate, at the close of plaintiff's case.

### B. The Lawfulness of any Seizure that Occurred

A police officer may legally "stop and briefly detain a person for investigative purposes if

the officer has a reasonable suspicion supported by articulable facts that criminal activity may be afoot, even if the officer lacks probable cause." *U.S. v. Sokolow*, 490 U.S. 1, 7 (1989); *see also Terry*, 392 U.S. 1, 30 (1968). "The concept of reasonable suspicion, like probable cause, is not readily, or even usefully, reduced to a neat set of legal rules," and the lawfulness of a particular stop must be evaluated by looking at "the totality of the circumstances." *Sokolow*, 490 U.S. at 7-8.

Wright alleges that plaintiff was carrying a brown paper bag that looked like it had a beer inside it, which he claims gave rise to a reasonable suspicion that plaintiff was in violation of New York City Administrative Code § 10-125(b), which makes it unlawful to "possess, with intent to drink or consume, an open container containing an alcoholic beverage" in a public place. Plaintiff asserts that while he testified during his deposition that "the guy in the store twisted [his gyro sandwich] like a beer," the bag he was holding did not look like it had an *open* container, and no reasonable officer would have suspected, from the totality of the circumstances, that he was in violation of New York City law. Plaintiff's admission that the sandwich was "twisted...like a beer," whatever that actually means, is not sufficient to establish, as a matter of law, that Wright had reason to suspect that plaintiff possessed an open container of alcohol with intent to drink it. Wright's actions based on what he contends he observed on the scene, and whether what he observed amounted to a reasonable suspicion, based on plaintiff's deposition testimony, are material issues of disputed fact on which summary judgment may not be granted and must be resolved by a jury.

    C.    Qualified Immunity

"A government official is entitled to qualified immunity from suit for actions taken as a government official if...the official's action was objectively legally reasonable in light of the legal rules that were clearly established at the time it was taken." *Cuoco v. Moritsugu*, 222 F.3d 99, 109

(2d Cir.2000). "Summary judgment on qualified immunity grounds is not appropriate when there are facts in dispute that are material to a determination of reasonableness," *Thomas v. Roach*, 165 F.3d 137, 143 (2d Cir.1999), as is the situation in the case at bar. Therefore, Wright's Motion for Summary Judgment on plaintiff's *Terry* stop claim on qualified immunity grounds must be denied.

### III. Plaintiff's False Arrest Claim

Wright argues that plaintiff fails to produce evidence sufficient to show that an unlawful arrest occurred, and, alternatively, that even if an unlawful arrest occurred, Wright is entitled to qualified immunity as a matter of law. As set out herein, the record before the Court demonstrates that there are disputed issues of fact as to (1) whether Wright had probable cause to arrest plaintiff, and (2) the applicability of qualified immunity.

#### A. Probable Cause

A § 1983 claim for false arrest derives from the Fourth Amendment right to remain free from arrest absent probable cause, and is evaluated, where the underlying arrest occurred in New York, according to New York law. *Jaegly v. Couch*, 439 F.3d 149, 151 (2d Cir.2006). Under New York law, probable cause exists when an officer "has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Id.* at 152 (internal quotation marks omitted).

Wright argues that he had probable cause to arrest plaintiff, either for unlawful possession of marijuana, for disorderly conduct (New York Penal Law § 240.20 states that "[a] person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof...[i]n a public place, he uses abusive or obscene language"), or for

4

criminal possession of a weapon.

It is undisputed that marijuana was found on plaintiff when he was searched at the police station, but it has not been established that Wright or any other police officer found marijuana on plaintiff before he was arrested, which is the only time period relevant for the purposes of a false arrest claim. It is also undisputed that plaintiff "used profane language" at some point during the incident, but plaintiff's admission that he "used profane language" is not sufficient to establish that Wright had probable cause to arrest him for disorderly conduct, as it does not in itself suggest that plaintiff either "inten[ded] to cause public inconvenience, annoyance or alarm," or "recklessly creat[ed] a risk thereof." Finally, it is undisputed that plaintiff took possession of Wright's baton at some point, but it has not been established whether plaintiff swung the baton menacingly, as Wright claims, or helpfully picked it up and handed it to Wright, as plaintiff claims. The existence of probable cause for plaintiff's arrest is therefore a question of fact to be resolved by a jury.

B.     Qualified Immunity

"Arguable probable cause, which establishes qualified immunity with respect to a false arrest claim, exists when a reasonable police officer in the same circumstances and possessing the same knowledge as the officer in question could have reasonably believed that probable cause existed in the light of well established law." *Droz v. McCadden*, 580 F.3d 106, 109 (2d Cir.2009) (internal brackets omitted). "Summary judgment on qualified immunity grounds is not appropriate when there are facts in dispute that are material to a determination of reasonableness." *Thomas v. Roach*, 165 F.3d 137, 143 (2d Cir.1999).

A determination as to whether a reasonable officer could have believed probable cause existed under the specific circumstances of this case cannot be made based on the record currently

before the Court, as there are disputes as to genuine issues of material fact. The Court will therefore deny summary judgment on plaintiff's false arrest claim based on qualified immunity grounds.

**IV.    Plaintiff's Excessive Force Claim**

      A.      Reasonableness of Force Used

"The Fourth Amendment protects individuals from the government's use of excessive force when detaining or arresting individuals." *Jones v. Parmley*, 465 F.3d 46, 61 (2d Cir.2006). "When determining whether police officers have employed excessive force in the arrest context, the Supreme Court has instructed that courts should examine whether the use of force is objectively unreasonable in light of the facts and circumstances confronting them, without regard to the officers' underlying intent or motivation." *Id.* (internal quotation marks and brackets omitted).

The amount of force, if any, that Wright used in this case has not, based on the record before the Court, been established. Bizarrely, *plaintiff* testified during his deposition that *no force* was used at all by any police officer, Edwards Dep. 142-44, but *Wright* testified during his deposition that he "drew [his] weapon on [plaintiff]," Wright Dep. 14, and another police officer, Ray Jenkins, testified that Jenkins "sprayed mace on [plaintiff]" and that Wright and Jenkins together "grappled [plaintiff] to the ground." Jenkins Dep. 11. Further, the New York City Police Department record of plaintiff's arrest states that force was used, in the form of a "chemical agent." Ashanti Decl., Exh. G. The amount and type of force employed, and its reasonableness under the circumstances, are questions of fact to be resolved by a jury based on the evidence adduced at trial, and Wright's Motion for Summary Judgment on plaintiff's excessive force claim as it relates to the reasonableness of the force used will be denied.

B.     Qualified Immunity

As discussed in Sections II.C and III.B, *supra*, qualified immunity hinges on whether Wright's "action was objectively legally reasonable in light of the legal rules that were clearly established at the time it was taken," *see Cuoco*, 222 F.3d at 109, and summary judgment should not be granted thereon where "there are facts in dispute that are material to a determination of reasonableness." *See Thomas*, 165 F.3d at 143. The reasonableness of Wright's use of force, if any, cannot be evaluated based on the record, and his Motion for Summary Judgment on plaintiff's excessive force claim based on qualified immunity will therefore be denied.

**V.     Plaintiff's Malicious Prosecution Claim**

To state a § 1983 claim for malicious prosecution, a "plaintiff must allege the four elements of malicious prosecution under New York state law and the deprivation of a constitutional right. The elements of malicious prosecution under New York law are (1) that the defendant commenced a criminal proceeding against the plaintiff; (2) that the proceeding was terminated in the plaintiff's favor; (3) that there was no probable cause for the initiation or continuation of the proceeding; and (4) that the defendant acted with malice." *Ramos v. City of New York*, 298 Fed.Appx. 84, 85 (2d Cir.2008). "[A] § 1983 claim is subject only to the notice pleading requirements of Fed.R.Civ.P. 8. That is to say, all it must contain is 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Charles W. v. Maul*, 214 F.3d 350, 357 (2d Cir.2000) (quoting Fed.R.Civ.P. 8(a)(2)).

Wright's first argument, that plaintiff does not allege the elements of malicious prosecution in his Amended Complaint, fails. Plaintiff's Amended Complaint contains a claim that Wright commenced a criminal proceeding against plaintiff. *See* Am. Compl. ¶¶ 13-15 ("The officers

7

arrested the plaintiff...he was also charged with unlawful possession of marijuana...he was taken to central booking...[he] was later taken before a judge, and some 6 months later all charges were dropped against him."), 21 ("defendants...deprived plaintiff of his...[right] to be free from...malicious prosecution"). The Complaint contains an assertion that the proceeding was terminated in plaintiff's favor, *see id*, and an assertion that there was no probable cause for plaintiff's arrest, *see id.* at ¶ 15 ("even though the defendant police officers knew [or] should have known based on the facts that no crime had been committed, they still proceeded to arrest plaintiff"). The Complaint contains also an assertion that Wright acted with malice. *See id.* at ¶¶ 21 ("defendants...deprived plaintiff of his...[right] to be free from...malicious prosecution"), 28 ("Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights"). Finally, the complaint contains an assertion that plaintiff was deprived of a constitutional right. *See id*.

Wright's argument that probable cause existed, as a matter of law, for the initiation of the prosecution also fails. According to the Certificate of Disposition issued on July 15, 2008, plaintiff was charged with five offenses at his arraignment: (1) Second degree menacing (N.Y. Penal Law § 120.14); (2) Disorderly conduct (N.Y. Penal Law § 240.20); (3) Second degree harassment (N.Y. Penal Law § 240.26); (4) Third degree attempted assault (N.Y. Penal Law § 110-120.00); and (5) Fourth degree attempted criminal possession of a weapon (N.Y. Penal Law § 110-265.01). *See* Ashanti Decl., Exh. I. The record before the Court does not establish that Wright had probable cause to initiate prosecution of plaintiff for all of these five offenses; to establish as much would require a determination of several of the unresolved issues of fact set out hereinabove, as well as others not currently before the Court or addressed in this Ruling.

Finally, Wright's argument that he cannot be found liable for malicious prosecution because

the prosecutor, and not he, initiated the prosecution, also fails. "[T]he public prosecutor's role in a criminal prosecution will not necessarily shield a complaining witness from subsequent civil liability where the witness's testimony is knowingly and maliciously false." *White v. Frank*, 855 F.2d 956, 962 (2d Cir.1988). Wright was the complaining witness, *see* Ashanti Decl., Exh. F, and the question of whether the information he reported in his complaint, which led to plaintiff's prosecution, was "knowingly and maliciously false" hinges on several of the unresolved issues of fact previously discussed herein.

Wright's Motion for Summary Judgment on plaintiff's malicious prosecution claim will therefore be denied.

**IV. Conclusion**

Based on the foregoing, it is

**ORDERED** that defendants' Motion for Summary Judgment [Rec. Doc. 53] is **DENIED AS MOOT** with respect to all claims against defendant City of New York, and **DENIED** with respect to all claims against defendant Mikal Wright.

**SO ORDERED.**

Tucker L. Melançon
United States District Judge

August 16, 2010
Brooklyn, NY

9