UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x   08-CV-2199
**HAROLD EDWARDS,**

    **Plaintiff,**

                                                       **NOTICE OF MOTIONS *IN LIMINE***

        **-against-**

**CITY OF NEW YORK, ET AL.**

    **Defendants,**

------------------------------------------------------------------x

PLEASE TAKE NOTICE that upon Plaintiff the foregoing Memorandum of Law and the Declaration of Nkereuwem Umoh and the accompanying exhibits, plaintiff hereby moves this Court for an Order precluding the defendants from offering into evidence the witnesses and exhibits discussed in the motion herein.

Dated: Brooklyn, New York

      June 20, 2011

                                                                             Respectfully,

                                                                      s/
                                                           Nkereuwem Umoh (NU-7233)
                                                           Plaintiff's attorney
                                                          25 Bond Street, 2nd Floor
                                                          Brooklyn, NY 11201
                                                          (718) 360 0527

To:
Karl Ashanti, Esq.
Corporation Counsel
Attorneys for Defendants
199 Church Street
New York, NY 10007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x   08-CV-2199
HAROLD EDWARDS,

    Plaintiff,

                                                   MOTIONS *IN LIMINE*

              -against-

CITY OF NEW YORK, ET AL.

    Defendants,

-----------------------------------------------------------x

PLEASE TAKE NOTICE that plaintiff Harold Edwards hereby states as following in support of his Motion in *Limine*.

## INTRODUCTION

Plaintiff's action is brought pursuant to 42 U.S.C. §1983 and the Fourth, Eighth and Fourteenth Amendment of the United States Constitution. Plaintiff seeks redress for the violation of his rights under the laws and Constitution of the United States for defendants' conduct stemming from an incident in January 22, 2006. Plaintiff has also brought claims of false arrest, malicious prosecution and also claims excessive force was used against him as when officers arrested him.

      During the litigation of this matter, several issues have arisen that bear no relevance to this action and if said issues are raised during the trial are likely to impede plaintiff's ability to obtain a fair trial. These issues involve testimony offered by plaintiff, witnesses the defendants did not previously disclose as well as documents produced by defendants.

Plaintiff hereby moves this Court for an order excluding any and all evidence, references to evidence, testimony or argument relating plaintiff's children, his prior arrests and convictions, his use of two social security numbers, witnesses other than Mikal Wright, Jenkins and Sergeant Cusack.

## ARGUMENTS

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. See Luce v. United States, 469 U.S. 38, 40 n. 2, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984); Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir.1996); Nat'l. Union Fire Ins. Co. v. L.E. Myers Co. Group, 937 F.Supp. 276, 283 (S.D.N.Y.1996). Evidence should be excluded on a motion in limine only when the evidence is clearly inadmissible on all potential grounds. See also Baxter Diagnostics, Inc. v. Novatek Med., Inc., No. 94-CIV-5520 (AJP), 1998 U.S. Dist. LEXIS 15093, at *11, 1998 WL 665138 (S.D.N.Y. Sept. 25, 1998). Indeed, courts considering a motion in limine may reserve judgment until trial, so that the motion is placed in the appropriate factual context. See Nat'l. Union Fire Ins. Co., 937 F.Supp. at 287. Further, the court's ruling regarding a motion in limine is "subject to change when the case unfolds, particularly if the actual testimony differs from what was expected." Luce, 469 U.S. at 41. 3.

### I. Criminal Record

Defendants should be barred from presenting Plaintiff's prior arrests and criminal record at trial. Prior convictions are inadmissible under Rule 609 of the Federal Rules of Evidence, as their prejudicial effect outweighs any probative value.

Federal Rule of Evidence 609 states, in relevant part:

>(a)(1) [E]vidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year ... and
>
>(2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.
>
>(b) Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of conviction or of the release of the witness from confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

Edwards's arrests, conviction and reasons for his convictions are not relevant to why he arrested on January 22, 2006, nor is it necessary to impeach his credibility. Moreover, as his convictions took place over ten years ago they may not be used offered for any probative purpose in this action. *See* United States v. Tomaiolo, 249 F.2d 683, 687 (2d Cir.1957) (stating that evidence of prior convictions should be no more detailed than is necessary to impeach credibility). Moreover, as these convictions run afoul of the ten-year time limit set forth in Rule 609(b), their probative value, if any, supported by specific facts and circumstances, is substantially outweighs by their prejudicial effect.

The Second Circuit has recognized that Congress intended that convictions more than ten years old "be admitted 'very rarely and only in exceptional circumstances.' " Zinman v. Black & Decker (U.S.), Inc., 983 F.2d 431, 434 (2d Cir.1993) (quoting S.Rep. No. 1277, 93d Cong., 2d Sess., reprinted in 1974 U.S.C.C.A.N. (93 Stat.) 7051, 7062); United

States v. Mahler, 579 F.2d 730, 736 (2d Cir.) (stating that Congress believed that convictions more than ten years old have very little or no probative value), cert. denied, 439 U.S. 991 (1978). As no specific facts or circumstances suggest that the probative value of admitting Edwards's prior convictions outweighs their potential for prejudice, the Court should find that these offenses are inadmissible.

**II. Prior Litigation Activity**

Edwards's also moves to bar any references at trial to his involvement in litigation. Specifically, Edwards's seeks to preclude defendants from admitting evidence of this any prior actions he may have commenced in the past.

It is well-settled in this Circuit that evidence of a plaintiff's litigiousness " 'may have some slight probative value, but that value is outweighed by the substantial danger of jury bias against the chronic litigant.' " Outley v. City of New York, 837 F.2d 587, 592 (2d Cir.1988) (quoting Raysor v. Port Auth., 768 F.2d 34, 40 (2d Cir.1985), cert. denied, 475 U.S. 1027 (1986)); see also Eng v. Scully, 146 F.R.D. at 79 (stating that evidence of plaintiff's prior prisoner civil rights cases "would potentially unfairly prejudice the jury against Plaintiff by painting him as a litigious character who lacks validity").

Accordingly, plaintiff's prior lawsuits should be excluded from trial.

**III. Witnesses**

Witnesses not disclosed during discovery must be excluded at trial. Rule 37(c)(1) authorizes the preclusion of the trial testimony of witnesses not disclsoed during the court of discovery. See Patterson v. Balsamico 440 F.3d 104, 117 (2d Cir. 2006).

The defendants have produced the names of Sergeant Sheila White and Sergeant Nathaniel King as witnesses. Federal Rules of Civil Procedure 26(a) and 26(e) place an initial and ongoing burden on all parties to disclose the identities of individuals and copies or descriptions of documents that they may use to support their claims or defenses. Rule 37(c)(1) prevents a party who fails to disclose that information without substantial justification from using that evidence at trial, unless the failure to disclose is harmless.

As none of these names were previously produced, plaintiff moves to have them precluded from testifying in this matter.

### IV. Plaintiff's Children

References to plaintiff's children should be precluded from the trial of this matter. Matters that offer little probative value, and may be highly prejudicial to jures should be excluded.  Plaintiff has 8 children and some members of the jury may find the amount and plaintiff's relationship with his children objectionable.  As his children have no bearing on the why he was arrested or prosecuted, plaintiff moves to have these issues precluded from trial.

### V. Objections to Physical Evidence

Defendants' Exhibits:

| Exhibit No. | Document Description | Bates Nos. | Grounds for Objection |
|---|---|---|---|
| A. | **Complaint Filed by Plaintiff in Eastern District of New York, Docket No. 08 CV 2199** | | ** |
| B. | **Amended Complaint Filed by Plaintiff in Eastern District of New York, Docket No. 08 CV 2199** | | ** |
| C. | **New York City Police Department Omniform System Arrest Report** | NYC2– NYC4 | * |
| D. | **New York City Police Department** | NYC1 | * |

|    |                                                                                                                                                                                                                                                                                                                                                                                                                                                                    |                    |                                                                                                                                                    |
|----|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|--------------------|----------------------------------------------------------------------------------------------------------------------------------------------------|
|    | BADS Arrest Report                                                                                                                                                                                                                                                                                                                                                                                                                                                 |                    |                                                                                                                                                    |
| E. | **Certificate of Disposition**                                                                                                                                                                                                                                                                                                                                                                                                                                     | **NYC10**          | **                                                                                                                                                 |
| F. | **Criminal Court of the City of New York, County of Kings, Court File Pertaining to Plaintiff Harold Edwards**                                                                                                                                                                                                                                                                                                                                                     | **NYC63– NYC70**   | **                                                                                                                                                 |
| G. | **New York City Police Department 79th Precinct Command Log for Saturday, January 22, 2006**                                                                                                                                                                                                                                                                                                                                                                        | **NYC71**          | *                                                                                                                                                  |
| H. | **New York City Police Department Property Clerk's Invoice No. N023975**                                                                                                                                                                                                                                                                                                                                                                                           | **NYC101**         | Prejudicial Impact Outweighs Relevance; FRE 403: Prejudicial and Confusing to Jury                                                                 |
| I. | **Relevant Memo book Entries of Police Officer Mikal Wright**                                                                                                                                                                                                                                                                                                                                                                                                       | **NYC7– NYC9**     | **                                                                                                                                                 |
| J. | **Kings County District Attorney File [Stipulation in Lieu of Pre-Trial Request, Complaint Report Worksheet, Omnisystem Complaint Report, Omnisystem Arrest Report, Invoice 023975, Online Booking System Arrest Worksheet, Jenkins' Memobook, Criminal Complaint, Request in Lieu of Subpoena, CJA Interview Report, Criminal Room Screening Sheet, Rosario Material, Commissioner Division Reproduction Sheet, Receipt and Certificate, Sprint Report, Police Lab Controlled Substance Analysis Report and Controlled Substance Analysis Worksheet, Wright's Memobook]** | **NYC11– NYC59**   | Prejudicial Impact Outweighs Relevance; FRE 403: Prejudicial and Confusing to Jury (Bates No. NYC 21, 27, 43, 44, 58) |
| K. | **Complaint Report Worksheet Dated January 22, 2006**                                                                                                                                                                                                                                                                                                                                                                                                              | **NYC24– NYC29**   | *                                                                                                                                                  |
| L. | **On Line Booking System Arrest Worksheet Dated January 22, 2006**                                                                                                                                                                                                                                                                                                                                                                                                  | **NYC22– NYC23**   | *                                                                                                                                                  |
| M. | **Relevant Memo book Entries of Police Officer Ray Jenkins**                                                                                                                                                                                                                                                                                                                                                                                                        | **NYC30– NYC31**   | **                                                                                                                                                 |
| N. | **Sprint Report Dated January 22, 2006**                                                                                                                                                                                                                                                                                                                                                                                                                            | **NYC99– NYC100**  | **                                                                                                                                                 |

| | | | |
|---|---|---|---|
| O. | Application to Preclude Witnesses Dated July 13, 2009 | | * |
| P. | Stipulation and Protective Order | | ** |
| Q. | Plaintiff's Responses to Defendants' First Set of Interrogatories and Responses to Requests for Production of Documents Propounded by Defendant | | ** |
| R. | RAP Sheet | NYC102– NYC106 | Irrelevant; Prejudicial Impact Outweighs Relevance; FRE 403: Prejudicial and Confusing to Jury |
| S. | New York City Police Department Omniform System Complaint Report | NYC5– NYC6 | * |
| T. | OLPA History | NYC62 | * |
| U. | Complaint Room Screening Sheet | NYC37 | * |
| V. | Criminal Court of the City of New York, Part Apar County of Kings, Criminal Report | NYC32– NYC35 | * |
| W. | Police Laboratory Controlled Substance Analysis Report | NYC43– NYC44 | * |
| X. | Plaintiff's Deposition Transcript | | * |
| Y. | Wright's Deposition Transcript | | ** |
| Z. | Jenkins' Deposition Transcript | | ** |

**CONCLUSION**

For the foregoing reasons, plaintiff respectfully requests the Court grant plaintiff's

motion in its entirety, and for such other and further relief as the court may deem appropriate.

Dated: Brooklyn, New York
June 22, 2011

Respectfully,

_____s/_____

Nkereuwem Umoh (NU-7233)
Umoh Law Firm, PLLC
Plaintiff's attorney
25 Bond Street, 2nd Floor
Brooklyn, NY 11201

## CERTIFICATE OF SERVICE

I, Nkereuwem Umoh, attorney for plaintiff in the above styled and numbered civil action, do hereby certify that I have on this 22nd day of June 2011, delivered a true and correct copy of the above an foregoing Notice of Motion and Motion in Limine to the following defendants by ECF:

> Karl Ashanti, Esq.
> Attorneys for Defendants
> Law Department\
> 100 Church Street
> New York, NY 10007

Dated:  this the 22nd day of June 2011.

\_\_s/_____
Nkereuwem Umoh, Esq. (NU 7233)