UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
Harold Edwards,

                              Plaintiff,    **ORDER**

          -against-                       Case No. 08-2199 (TLM)

City of New York et al.,

                             Defendant(s),
---------------------------------------------------------------- X

    Before the Court are defendant's motion in limine [Rec. Doc. 77], defendant's memorandum in support [Rec. Doc. 79] and plaintiff's opposition thereto [Rec. Doc. 85], and defendant's motion to strike [Rec. Doc. 81], reiterating the request made in defendant's motion in limine to preclude plaintiff from introducing evidence from defendant's disciplinary history and personnel files. Also before the Court are plaintiff's motion in limine [Rec. Doc. 78] and defendant's opposition thereto [Rec. Doc. 84]. Also before the Court is defendant's motion to Amend/Correct/Supplement his Will Call Witness list [Rec. Doc. 87].

    I.    Background

    Plaintiff brings this action under 42 U.S.C. § 1983, alleging an unlawful *Terry* stop, false arrest, malicious prosecution and excessive force stemming from an incident on January 22, 2006. Plaintiff withdrew his *Monell* claims against the City of New York, as well as his claims under New York State law [Rec. Doc. 52]. Because defendant's and plaintiff's motions [Rec. Docs. 77 and 78] cover much of the same ground, the Court will address them together.

    II.    Plaintiff's drug use

Defendant asserts that he should be allowed to introduce evidence of plaintiff's frequent marijuana use for the purpose of showing plaintiff's ability to perceive and recall the events of January 22, 2006. Defendant asserts that plaintiff has conceded that the officers found marijuana as a result of the pat down they performed and that plaintiff admitted in his deposition that he is a habitual user of marijuana and uses it as a substitute for his diabetes medication. [Rec. Doc. 79, at 5].

The Court will defer ruling on the issue of the admissibility of plaintiff's drug use, and will hold a hearing on Monday, July 18, 2011 at 2:30 p.m. after jury selection that morning to determine whether, based on *United States v. Basciano*, 141 F. 3d 1152, 1998 WL 88098 (2d. Cir. 1998), the evidence will be admitted.

However, defendant will not be permitted to introduce evidence of drug use on the issue of damages, because they have not listed any medical experts on their Will Call Witness list [Rec. Doc. 70], who would be able to testify to the effect of marijuana use as an alternative cause of plaintiff's emotional distress and plaintiff has testified that at the time of his deposition he was still using marijuana, thus the situation is not analogous to *Lewis v. District of Columbia,* 793 F.2d 361, 363 (D.C. Cir. 1986), a case cited by defendant, where the plaintiff was suffering nightmares that could have been attributable to drug withdrawal, not emotional distress.

III.    The Classon Avenue Incident

Defendant asserts that plaintiff should be precluded from introducing evidence of his theory that, six months following the January 22, 2006 incident, he was mistreated by the police, in the form of an illegal eviction that led him to lose income from the car repair

and sale business he ran from his home, as part of a conspiracy to retaliate against him for refusing to take an adjournment in contemplation of dismissal to resolve the criminal charges stemming from the January 22, 2006 incident.

Plaintiff will not be allowed to testify to the Classon Avenue incident that occurred six months after the January 22, 2006 incident because the Classon Avenue incident has no bearing on his claims of an unlawful *Terry* stop, false arrest, malicious prosecution and excessive force against Police Officer Mikal Wright. The evidence is irrelevant under Federal Rule of Evidence 401 and plaintiff did not address this element of defendant's motion in his opposition.

IV. Plaintiff's children

Defendant seeks to introduce evidence that at plaintiff's deposition he was unable to remember the name of one of his eleven children, how to spell the first names of three of his children, how to spell the last names of five of the children and failed to remember the last name of one of his children. [Rec. Doc. 79, at 6-7]. Plaintiff's motion in limine asserts that plaintiff only has eight children and that the number of children and his relationship to them may be prejudicial. Defendant seeks to admit the testimony at plaintiff's deposition because it "raises questions as to the reliability of plaintiff's memory." [Rec. Doc. 84, at 8]. However, plaintiff asserts that plaintiff's distant relationship, not memory loss, explain his inability to remember his children's names. [Rec. Doc. 85, at 4].

The Court finds that plaintiff's memory of his children's names is not relevant under Federal Rule of Evidence 401 and if it were relevant it would be excludable under

Federal Rule of Evidence 403 because the probative value, if any, is substantially outweighed by the prejudicial effect. Defendant will be precluded from making any reference to plaintiff's children and his memory, or lack thereof, of their names.

V. Plaintiff's suggestion of a specific dollar amount

Defendant asserts that plaintiff should be precluded from suggesting a specific dollar amount of damages to the jury. Although the Second Circuit has stated in the context of monetary awards for pain and suffering that "specifying target amounts for the jury to award is disfavored," *Consorti v. Armstrong World Industries, Inc.*, 72 F.3d 1003, 1016 (2d Cir. 1995), the Second Circuit has also stated that "it is best left to the discretion of the trial judge, who may either prohibit counsel from mentioning specific figures or impose reasonable limitations, including cautionary jury instructions." *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 912 (2d Cir. 1997). Plaintiff's counsel will be permitted to suggest a specific dollar amount in his closing statement, but must do so in the first argument in order for defense counsel to respond if he chooses to do so, before plaintiff's counsel makes his final argument. The Court will instruct the jury, as it always does, that statements by lawyers are not evidence or the law that they are to follow when they begin their deliberations.

VI. Officer Jenkins

Magistrate Judge Orenstein denied plaintiff's first motion to amend his complaint to add Officer Jenkins as a defendant because plaintiff "waited until discovery had closed (after multiple adjournments of that deadline) before seeking to add [Jenkins] as a defendant." [Rec. Doc. 37, at 6-7] Plaintiff's response to defendant's motion "call[s]

4

upon the Court to address the Magistrate Judge's refusal to permit plaintiff to amend the complaint against Jenkins," [Rec. Doc. 85, at 5-6]; however, the undersigned has already addressed plaintiff's motion: plaintiff's second motion to amend his complaint [Rec. Doc. 46] was denied by the undersigned after the case was transferred, based on Magistrate Judge Orenstein's Order [Rec. Doc. 51].

Further, although plaintiff's reply implies that Wright might be liable for failing to intervene for Officer Jenkins' actions, plaintiff did not assert a claim for failure to intervene against defendant Wright in his complaint [Rec. Doc. 10]. Plaintiff will be precluded from referring to Officer Jenkins as a defendant and from introducing evidence that imputes Jenkins' conduct to Wright.

VII. Plaintiff's prior conviction and arrest history

    a. Plaintiff's prior convictions

Defendant seeks to offer evidence of plaintiff's multiple convictions for criminal trespass, attempted burglary, petit larceny and attempted criminal possession of a weapon. The most recent of these convictions is 1998 and the rest appear to be from the 1970s [Rec. Doc. 79, at 11-12].

Federal Rule of Evidence Rule 609(b) states:

> Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

Defense counsel will be precluded from offering evidence of plaintiff's convictions that are outside the ten year limit under Federal Rule of Evidence 609(b) for the purpose of

5

attacking plaintiff's credibility, as the probative value does not substantially outweigh the prejudicial effect.

Plaintiff's convictions in 1998 were for attempted criminal possession of a weapon in the fourth degree and menacing in the third degree, both misdemeanors, and plaintiff was sentenced to one year probation [See Ashanti Decl. Ex. J]. Evidence of the 1998 conviction will not be admitted because it is outside the ten year time limit of Federal Rule of Evidence 609(b), which runs from the date of testimony, *see United States v. Pedroza*, 750 F.2d 187, 202 (2d Cir. 1984), and because the convictions were both misdemeanors and do not fall under Federal Rule of Evidence 609(a)(1).

      b. Plaintiff's prior arrests

Defendant seeks to question plaintiff regarding his arrest history as evidence of plaintiff's motive, opportunity, intent, knowledge and/or absence of mistake under Federal Rule of Evidence 404(b), which states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The Court is unable to discern from defendant's motion how the prior arrests relate to plaintiff's motive, opportunity, intent, knowledge or absence of mistake and defendant's conclusory statement that "[t]his evidence satisfies the requirements of Rule 404(b) and should be admissible" does nothing to assist the Court in understanding the purpose for which defendant seeks to admit this evidence. Defendant asserts that evidence of plaintiff's prior arrests for assault of a police officer and resisting arrest demonstrate that plaintiff was not intimidated or fearful of defendant and non-party officers. [Rec. Doc.

6

79, at 14]. Defendant will be precluded from introducing evidence of plaintiff's prior arrests under Federal Rule of Evidence 404(b). Further, plaintiff's rap sheet, defendant's Exhibit R, will not be admitted.

      c. Plaintiff's arrest and incarceration history as it relates to damages claim

Plaintiff asserts a claim of false arrest and alleges emotional damages suffered as a result. Defendant seeks to admit evidence of past arrests and incarceration to show that the plaintiff's purported damages are mitigated by plaintiff's prior arrests and periods of incarceration. *See Udemba v. Nicoli*, 237 F.3d 8, 15 (1st Cir. 2001) ("[E]vidence [of prior arrests] was specially relevant to a contested issue in the case, namely, the extent of damages attributable to emotional distress.") Defense counsel may be able to present evidence that plaintiff has been arrested and incarcerated before based on plaintiff's testimony during his case-in-chief, but may not in any event inquire as to the nature of the arrests and may only ask about the date and duration of incarceration and the Court will instruct the jury that such evidence may be used only for the purpose of determining damages for emotional distress. Before defense counsel asks, consistent with this Order, questions regarding plaintiff's prior arrests and periods of incarceration, he must ask for a sidebar to discuss why he feels entitled to such questions based on plaintiff's testimony during his direct examination.

  VIII. Plaintiff's possible failure to pay income taxes, operation of a business without a license and use of multiple social security numbers

Defendant seeks to inquire about plaintiff's failure to file income tax returns for six years. The Second Circuit has held "[t]he total failure to file tax returns for a period of

7

eight years should be similarly admissible on the issue of her truthfulness, subject to the discretionary considerations in Rules 403 and 608(b)." *Chnapkova v. Koh*, 985 F.2d 79, 82 (2d Cir. 1993). Defense counsel will be allowed to ask plaintiff about his failure to file tax returns under Federal Rule of Evidence 608(b). In addition, plaintiff's admission that he operates a car sale and/or repair business goes to the issue of his truthfulness and defense counsel may inquire as to lack of filing permit or license on cross-examination under Federal Rule of Evidence 608(b). Plaintiff also admitted at his deposition that he used two different social security numbers, which also has bearing on his character for truthfulness, and defendant will be allowed to cross-examine him on it under Federal Rule of Evidence 608(b), which states:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness . . . .

IX. Patrol guide

Defendant asserts that plaintiff should be precluded from referring to or offering into evidence the New York City Police Department Patrol Guide. Plaintiff did not address the patrol guide in his opposition to defendant's motion. As all claims against the City of New York have been dismissed and the patrol guide is not relevant to the claims against defendant Wright and the probative value is substantially outweighed by the danger of confusion of the issues under Federal Rule of Evidence 403, it will not be admitted.

X. Officers' disciplinary history and personnel files

Plaintiff seeks to introduce evidence of defendant Wright's and non-party officer witnesses' disciplinary histories and defendant seeks to preclude plaintiff from introducing that evidence. Plaintiff's counsel asserts in his opposition to defendant's motion that defendant Wright's files contain "at least three allegations of unnecessary force and at least one allegation of disputed arrest." [Rec. Doc. 85, at 10]. Plaintiff seeks to introduce the records under Federal Rule of Evidence 404(b).

The Second Circuit has upheld the admission of evidence of other complaints against officers to establish a pattern when the circumstances are "nearly identical," *Berkovich v. Hicks*, 922 F.2d 1018, 1022 (2d Cir. 1991) (*citing Ismail v. Cohen*, 899 F.2d 183, 188 (2d Cir.1990)), but not where the acts do not share "'unusual characteristics' with the act charged or represent a 'unique scheme.'" *Berkovich*, 922 F. 2d at 1022 (citing *United States v. Benedetto*, 571 F.2d 1246, 1249 (2d Cir.1978)); *see also Lewis v. City of Albany Police Dept.*, 547 F.Supp.2d 191, 201 (N.D.N.Y. 2008)(admitting complaints where "relevant prior complaints had substantial probative value in that only one exonerated Bonanni and all were of sufficiently similar circumstances to merit admission to prove his modus operandi").

Neither party included in their filings information as to whether defendant Wright had been exonerated of the complaints filed against him, which would decrease any probative value they might have. The Court will defer ruling on the issue of the admissibility of complaints against defendant, and will hold a hearing on Monday, July 18, 2011 at 2:30 p.m. after jury selection that morning where plaintiff's counsel must state with specificity

the unique characteristics that the prior complaints share with the facts of this case in order for them to be admitted.

Non-party officer witnesses' complaints are not relevant to show a pattern of defendant's conduct and will not be admitted. Plaintiff also seeks to admit defendant and nonparty officer witnesses' personnel files and performance evaluations. As all claims against the City of New York have been dismissed, these documents are not relevant and will be excluded.

XI. Indemnification by New York City

Defendant requests, and the Court agrees, that because New York City is no longer a defendant, defense counsel should be referred to as "defense counsel" or "corporation counsel."

Plaintiff's counsel requests permission to inform the jury that defendant may be indemnified by the City. Indemnification is not relevant to any issue before the jury and plaintiff will not be permitted to inform the jury that defendant might be indemnified by the City. *See Williams v. McCarthy*, 2007 U.S. Dist. LEXIS 79151, at *24 (S.D.N.Y. October 25, 2007)(precluding indemnification being presented to the jury and collecting cases).

XII. Prior litigation activity

Plaintiff moves to preclude any evidence of his prior litigation activity. Defendant asserts that "evidence concerning plaintiff's litigation history would not be offered by defendant to show a propensity to file frivolous lawsuits but rather to establish plaintiff's

motive in bringing the instant action." [Rec. Doc. 84, at 5]. Defendant conflates motive for acting during the incident at issue in the case with motive for filing the case, which defense counsel asserts is that plaintiff is "financially desperate."

Evidence of plaintiff's litigation history will not be admitted under Federal Rule of Evidence 404(b). Under *Outley v. City of New York*, 837 F.2d 587, 595 (2d Cir. 1988), any probative value of plaintiff's litigation history is outweighed by the prejudicial effect. *See also Eng v. Scully*, 146 F.R.D. 74, 79 (S.D.N.Y. 1993) (holding prior litigation history "would potentially unfairly prejudice the jury against Plaintiff by painting him as a litigious character who lacks validity").

XIII. Witness disclosure

Plaintiff asserts that Sergeant Sheila White and Sergeant Nathan King were not disclosed during discovery. Defense counsel explained in its opposition to plaintiff's motion that one witness had changed her surname and that both witnesses were disclosed during discovery and attached documents supporting his assertion. [See Ashanti Decl. Exs. B and C]. Defense counsel subsequently filed a motion to Amend/Correct/Supplement its Will Call Witness list [Rec. Doc. 87], seeking to release Sergeant Nathan King, who originally informed defense counsel that he would be available to testify, but is now no longer available. Defense counsel states that plaintiff does not oppose the motion to release Sergeant King and that defense counsel has listed Lieutenant William Cusack, who can testify to the same facts as Sergeant King would have.

Defense counsel will be permitted to release Sergeant King and permitted to call Sergeant White at trial.

XIV. Conclusion

Based on the foregoing, it is

**ORDERED** defendant's motion in limine [Rec. Doc. 77] is granted in part and denied in part. It is further

**ORDERED** that the Court will defer ruling on defendant's motion to strike [Rec. Doc. 81]. It is further

**ORDERED** that plaintiff's motion in limine [Rec. Doc. 78] is granted in part and denied in part. It is further

**ORDERED** that defendant's motion to Amend/Correct/Supplement his Will Call Witness list [Rec. Doc. 87] is granted.

**SO ORDERED.**

_____
Tucker L. Melançon
United States District Judge

July 13, 2011
Brooklyn, NY